UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HATTON et al.,

Plaintiffs,

v.

PRESIDIO, INC. et al.,

Defendants.

Case No. 22-11564
Honorable Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER (ECF NO. 15), TRANSFERING CASE, AND DENYING AS MOOT PLAINTIFFS' MOTION TO CONSOLIDATE (ECF NO. 18) AND DEFENDANTS' MOTION TO DISMISS (ECF NO. 25)**

## I.   Introduction

Plaintiffs David Hatton, Ryan Heidenreich, and People Driven Technology, Inc. (PDT) filed this suit against defendants Presidio Inc., Presidio Networked Solutions LLC, and Presidio Networked Solutions Groups LLC (collectively "Presidio") on July 11, 2022. ECF No. 1. The complaint seeks a declaratory judgment determining the applicability of noncompete and confidentiality agreements between Hatton and Heidenreich and their former employer, Netech, to their current employer, PDT. *Id.*

Presidio moved to transfer this case to the Southern District of Ohio, where a related action is pending, plaintiffs responded, and Presidio replied. ECF Nos. 15, 17, 23. Plaintiffs then moved to consolidate this case with another related action pending before this Court, and defendants responded. ECF Nos. 18, 24. And defendants filed a motion to dismiss, to which plaintiffs have not yet responded. ECF No. 25. The motion to transfer, motion to consolidate, and motion to dismiss are now before the Court.

## II.     Factual Background

Hatton and Heidenreich reside in Ohio and were employed by Netech there. ECF No. 1, PageID.2, 4. Hatton signed a non-compete agreement and later signed a confidentiality/non-solicitation agreement with Netech. ECF No. 1, PageID.4. Heidenreich had no non-compete agreement with Netech but signed a confidentiality/non-solicitation agreement. *Id.* The agreement Heidenreich signed is substantially the same as the confidentiality/non-solicitation agreement Hatton signed. None of the agreements contained choice-of-law or choice-of-forum provisions. ECF No. 15, PageID.88.

On December 29, 2015, Netech's shareholders sold its assets to Presidio—specifically, to Presidio Infrastructure Solutions, LLC (PIS), a subsidiary of Presidio, Inc. ECF No. 1, PageID.4. The assets purchased included Netech's agreements with Hatton and Heidenreich. ECF No. 15, PageID.89. When the purchase closed on February 1, 2016, Netech assigned the agreements to PIS. ECF No. 1, PageID.4. The assignment agreement prohibited further assignment without prior consent of the parties, except that Presidio, Inc., as the parent corporation of PIS, was also an assignee. *Id.* at PageID.7. PIS later merged into Presidio Networked Solutions Group, LLC (PNSG). *Id.*

After the closing of the Netech purchase, Hatton and Heidenreich became employees of Presidio Networked Solutions, LLC (PNS). *Id.* Plaintiffs argue this is a separate corporate entity from PIS (which was assigned Netech's rights under the disputed agreements) or PNSG (which became the parent company of PIS and therefore was also entitled to exercise rights under the agreements). *Id.*

Presidio's contract with Netech's former shareholders prohibited them from establishing a competing venture for five years. ECF No. 15, PageID.89. At the close of this period, Netech's former shareholders

Page **3** of **12**

formed PDT, which directly competes with Presidio. *Id.* PDT has since

hired almost forty former Presidio employees, including Hatton and

Heidenreich. *Id.* Hatton and Heidenreich resigned from Presidio in late

June 2022 and began working for PDT in early July 2022. ECF No. 1,

PageID.7. Upon their departure, Hatton and Heidenreich each received

emails from Presidio stating they were prohibited from soliciting Presidio's

employees, and Hatton was informed he was prohibited from competing

with Presidio. ECF No. 17, PageID.156.

Plaintiffs contest Presidio's assertions in those emails and seek an

order declaring that PNS cannot enforce the non-compete and

confidentiality/non-solicitation agreements against Hatton and Heidenreich.

*Id.* at PageID.8. Presidio argues this demonstrates that Hatton and

Heidenreich want to solicit and work with Presidio customers and use

Presidio confidential information, which the agreements, if enforceable,

would prohibit them from doing.

The dispute between Presidio and PDT over allegedly stolen

employees, customers, confidential information, trade secrets, and more

has spurred much litigation. Relevant here, related lawsuits involving

former Netech/Presidio employees who now wish to work at PDT are

currently proceeding in various districts. The first-filed case is in the

Southern District of Ohio (the Ohio Action), *Presidio, Inc. et al. v. People*

*Driven Technology, Inc. et al.*, Case No. 2:21-cv-05779-ALM-EPD (filed

Dec. 14, 2021). Presidio filed this suit against two former Presidio

employees now employed by PDT who reside in Ohio. Presidio brings tort

and contract claims, alleging that the two former employees took Presidio's

confidential, proprietary information with them to PDT.

Separately, Presidio also brought suit in this Court against PDT and

several other former Presidio employees now employed by PDT who reside

in Michigan and Wisconsin (the Michigan Action), *People Driven*

*Technology, Inc. et al. v. Presidio, Inc. et al.*, Case No. 4:22-cv-10098 (filed

January 19, 2022). This case was consolidated with two related actions

brought by PDT seeking preemptive declaratory relief against Presidio.

The Ohio Action was filed before the Michigan Action, and that

litigation is further along. The parties have completed expedited discovery

in the Ohio Action but discovery is not yet underway in the Michigan Action.

Both the Ohio and Michigan Actions require interpretation of

confidentiality/non-solicitation agreements identical to the ones at issue in

this case. The issue has been fully briefed in both districts. ECF No. 17,

PageID.157; ECF No. 23, PageID.192. The other agreement at issue in this case, the non-compete signed by Hatton, is different from the agreements at issue in the other actions so has not been briefed in either.

Defendants want this case transferred to the Southern District of Ohio so it can be considered alongside the Ohio Action. ECF No. 15. Plaintiffs want the case consolidated with the Michigan Action already before this Court. ECF No. 18. Defendants have also moved to dismiss. ECF No. 25.

## III.    Analysis

### A. Legal Standard

A district court has discretion to transfer any civil action to any other district where venue is proper for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404. "[D]istrict courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotations and citation omitted).

In assessing the interests of justice and convenience factors, courts must weigh these considerations: (1) the convenience of the parties and witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the locus of the operative facts; (4) the

relative means of the parties; (5) the forum's familiarity with the governing law; (6) the weight accorded plaintiff's choice of forum; and (7) trial efficiency. *Hatcher Investments, LLC v. Belfor USA Group, Inc.*, Case No. 2:21-cv-11005, 2022 WL 600895, at \*2 (E.D. Mich. Feb. 28, 2022) (quoting *Wayne Cty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 974 (E.D. Mich. 2009)). "In short, the Court may consider any factor that may make trial easy, expeditious and inexpensive." *L & P Prop. Mgmt. Co. v. JTMD, LLC*, No. 06-13311, 2007 WL 295027, at \*3 (E.D. Mich. Jan. 29, 2007).

The plaintiff's choice of forum is generally afforded substantial weight, though less so where, as here, the plaintiff does not reside in the chosen forum. *Means v. United States Conf. of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (internal quotations and citation omitted).

With these considerations in mind, courts are to reach a conclusion based on the totality of the circumstances. *Hatcher*, 2022 WL 600895, at \*2.

**B. Application**

The totality of these circumstances supports transfer to the Southern District of Ohio.

As a threshold matter, there is no dispute that the parties are subject to personal jurisdiction in Ohio with respect to this action or that venue is appropriate in that district.

## 1. The convenience of the parties and witnesses

Defendants argue the case should be transferred to Ohio because Hatton and Heidenreich reside there, making it a more convenient forum for them. However, Hatton and Heidenreich oppose transfer, and this Court finds it inappropriate to invoke Hatton and Heidenreich's convenience in support of a transfer they oppose. Hatton and Heidenreich's status as Ohio residents neither supports nor weakens the convenience factor.

Further, the corporate parties do business in both states and are already litigating related matters in both forums. The parties' convenience factor is thus neutral.

The witnesses' convenience weighs in favor of transfer. Defendants identify a Presidio customer, headquartered in Bavaria, Ohio, that they plan to call as a witness. ECF No. 23, PageID.195. Defendants further state they plan to call additional witnesses who reside in Ohio, including employees and customers. *Id.* That most, if not all, of the individual parties

Page **8** of **12**

and witnesses who will be called upon to testify reside in Ohio indicates

Ohio would be a more convenient forum and cuts in favor transfer.

## 2. The location of relevant documents and relative ease of access to sources of proof

As many courts have noted, the physical location of documents bears

little relevance in the modern age as most necessary documents can be

digitally transferred. *Hatcher*, 2022 WL 600895, at *2 (citing *Mt. Hawley Ins.*

*Co. v. McKinley, Inc.*, No. 19-11418, 2019 WL 6124778, at *5 (E.D. Mich.

Nov. 19, 2019) (collecting cases)). Beyond witness testimony, parties have

identified no other anticipated sources of proof. Accordingly, the Court

gives this factor no weight.

## 3. The locus of the operative facts

The locus of the operative facts is Ohio. Hatton and Heidenreich

negotiated their employment with Netech in Ohio, executed the disputed

agreements in Ohio, and performed their employment for Netech, then

Presidio, and now PDT in Ohio. ECF No. 15, PageID.96. Further, the

agreements' subject matter relates to their employment in Ohio. *Id.* This

factor warrants transfer.

## 4. The relative means of the parties

Neither party argues it possesses lesser means. This factor is neutral.

### 5. The forum's familiarity with the governing law

Defendants argue that, applying Michigan's choice of law rules, this contract dispute will be decided under Ohio law. ECF No. 15, PageID.95. Plaintiffs do not dispute this. The Court agrees and finds that a court sitting in Ohio will be more familiar with Ohio contract law and therefore best situated to apply it in this case.

Plaintiffs argue that defendants failed to identify any specific conflicts between Michigan and Ohio contract law; however, this level of detail is not required. Defendants meet their burden by showing Ohio law will apply. An Ohio court is best situated to apply Ohio law to this dispute. This factor supports transfer.

### 6. The weight accorded plaintiff's choice of forum

As noted above, the plaintiff's choice of forum is given less weight when the plaintiff does not live in that forum. *Means*, 836 F.3d at 651. These plaintiffs do not live in this district and accordingly, their choice of forum is accorded minimal weight.

### 7. Trial efficiency

Page **10** of **12**

The Ohio action was filed first and the parties have completed discovery in that case. The parties' arguments regarding the confidentiality/non-solicitation agreement have been briefed in both districts. The parties' arguments regarding the non-compete have been briefed in neither district. Because the Ohio action is further along, and the development of legal arguments is equal in both actions, the Court finds transfer will serve the interest of judicial efficiency.

Plaintiffs argue this Court should deny transfer in order to prevent conflicting rulings interpreting the confidentiality/non-solicitation agreements. This argument does not withstand scrutiny. Both the Michigan and Ohio Actions require interpreting those agreements, so there remains a risk of conflicting rulings regardless of whether this Court grants transfer.

## IV.   Conclusion

Presidio has met its burden to show transfer to the Southern District of Ohio is warranted under 28 U.S.C. § 1404.

Accordingly,

**IT IS ORDERED** that defendants' motion to transfer (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the Southern District of Ohio.

**IT IS FURTHER ORDERED** that plaintiffs' motion to consolidate (ECF No. 18) and defendants' motion to dismiss (ECF No. 25) are **DENIED** as moot.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: November 3, 2022